UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E<small>RNEST</small> E<small>LLIOTT</small>,

   Plaintiff,         Hon. Robert J. Jonker

v.                Case No. 1:21-cv-128

C<small>OMMISSIONER OF</small>
S<small>OCIAL</small> S<small>ECURITY</small>,

   Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be affirmed.

**STANDARD OF REVIEW**

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining

whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 43 years of age on his alleged disability onset date. (ECF No. 9-5, PageID.188). He completed high school and worked previously as an auto and diesel mechanic. (ECF No. 9-2, PageID.46-47). Plaintiff applied for benefits on November 26, 2018, alleging that he had been disabled since August 1, 2018, due to

chronic obstructive pulmonary disease (COPD), elevated hemoglobin, lower extremity edema, obstructive sleep apnea, hypertension, hypertriglyceridemia, tinea corporis, and asthma. (ECF No. 9-5, 9-6, PageID.188-89, 218).

Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). Following an administrative hearing, ALJ Mikel Lupisella, in an opinion dated June 12, 2020, determined that Plaintiff did not qualify for disability benefits. (ECF No. 9-2, PageID.38-78). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age,

education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: COPD, obstructive sleep apnea, and obesity, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 9-2, PageID.40-43).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform sedentary work subject to the following limitations: (1) he can occasionally climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds; (2) he can never balance on narrow, slippery, or erratically moving surfaces; (3) he can occasionally stoop, kneel, crouch, and crawl; (4) he can have only occasional exposure to extreme heat, wetness, and humidity; (5) he can have only occasional exposure to atmospheric conditions in the work setting, such as dust, odors, fumes, gases, and poor ventilation; and (6) he can have no exposure to hazards

such as unprotected heights or dangerous moving machinery. (ECF No. 9-2, PageID.43).

The ALJ found that Plaintiff was unable to perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, his limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid*.

In this case, a vocational expert testified that there existed approximately 82,400 jobs in the national economy which an individual with Plaintiff's RFC could perform. (ECF No. 9-2, PageID.73-75). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I. Plaintiff's RFC

A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on

a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule").

The ALJ found that Plaintiff retained the ability to perform a limited range of sedentary work. Plaintiff argues that this finding is not supported by substantial evidence. Plaintiff has failed to identify any specific shortcoming in the ALJ's RFC analysis, however. Instead, Plaintiff merely asserts the unsubstantiated conclusion that the ALJ "distorted" and "manipulat[ed]" the evidence. Because Plaintiff has failed to develop this argument or articulate how such entitles him to relief, the Court finds that such has been waived. *See, e.g., Zizzo v. Commissioner of Social Security*, 2013 WL 5291663 at \*8 (E.D. Mich., Sept. 19, 2013) (courts do not engage in a self-directed inquiry into the facts because "judges are not like pigs, hunting for truffles buried in" the record); *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2014) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to. . .put flesh on its bones"); *Moore v. Commissioner of Social Security*, 573 Fed. Appx. 540, 543 (6th Cir., Aug. 5, 2014) (citing *Stewart* with approval to find an undeveloped argument waived). Furthermore, a review of the medical record reveals that the ALJ's RFC assessment is supported by substantial evidence.

The results of physical examinations were generally unremarkable. Specifically, chest/lung and cardiovascular examinations were consistently unremarkable. (PageID.305, 309, 312, 316, 354, 358, 427, 432, 456, 460, 466, 498).

Musculoskeletal examinations were unremarkable and Plaintiff exhibited full range of motion in all his joints. (ECF No. 9-7, PageID.305, 354-55, 358, 427). Lower extremity examinations were unremarkable and revealed negative Homan's sign.[1] (ECF No. 9-7, 9-8, PageID.305, 309, 312, 427, 456, 460, 498). Plaintiff's blood pressure is "controlled" with medication. (ECF No. 9-7, PageID.330). Plaintiff's obstructive sleep apnea is "well controlled" with use of a CPAP device. (*Id.*, PageID.448). X-rays of Plaintiff's right knee revealed only soft tissue swelling and "mild" degenerative changes. (*Id.*, PageID.440). As late as January 8, 2020, Plaintiff's treating physician reported that Plaintiff was "doing well." (ECF No. 9-8, PageID.499). This evidence constitutes substantial evidence in support of the ALJ's very restrictive RFC assessment. Accordingly, this argument is rejected.

## II.   Medical Source Opinion

On November 22, 2019, Dr. Gerard Mahoney completed a form report regarding Plaintiff's ability to perform work activities. (ECF No. 9-7, PageID.483-88). While Dr. Mahoney's opinions were largely consistent with the ALJ's RFC, certain portions thereof were inconsistent with the ALJ's assessment. The ALJ, however, found that Dr. Mahoney's opinion was "not persuasive." (ECF No. 9-2, PageID.45-46). Plaintiff argues that he is entitled to relief because the ALJ's assessment of Dr. Mahoney's opinions is not supported by substantial evidence.

---

[1] Homan's sign "is a physical examination procedure that is used to test for Deep Vein Thrombosis (DVT)." *See* https://www.physio-pedia.com/Homan%27s_Sign_Test (last visited June 1, 2022).

Because Plaintiff filed his application after March 27, 2017, the ALJ evaluated the medical opinions pursuant to 20 C.F.R. § 416.920c. This regulation provides that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. § 416.920c(a). Instead, the ALJ is required to articulate his determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id.* § 416.920c(b)(1).

These factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. *Id.* § 416.920c(1)-(5). The ALJ must explain his consideration of the supportability and consistency factors, but absent circumstances not present here, is not required to explain how the remaining factors were considered. *Id.* § 416.920c(b)(2), (3). The regulations define "supportability" and "consistency" as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* § 416.920c(c)(1)-(2).

Dr. Mahoney reported that Plaintiff can lift and carry 10 pounds and sit for 8 hours during a workday. (ECF No. 9-7, PageID.483-84). The doctor reported that Plaintiff can continuously use his upper and lower extremities to perform various work activities. (*Id.*, PageID.485). These observations are all consistent with the ALJ's RFC assessment. Dr. Mahoney, however, also reported that Plaintiff can stand for only 30 minutes and walk for only 1-5 minutes during a normal workday. (*Id.*, PageID.484). The doctor also reported that Plaintiff would be absent from work "more than three days" monthly due to his ailments. (*Id.*, PageID.488).

The ALJ discounted these aspects of the doctor's report on the ground that such were not "consistent with the medical record." (ECF No. 9-2, PageID.45-46). As the ALJ noted, Dr. Mahoney's opinions were inconsistent with the medical evidence identified above, including his own treatment notes. The ALJ further observed that Dr. Mahoney's instruction to Plaintiff to engage in 150 minutes of aerobic exercise weekly is inconsistent with the opinion that Plaintiff can walk for only 1-5 minutes during a normal workday. (ECF No. 9-2. 9-7, PageID.45-46, 306). The ALJ further noted that Plaintiff was observed not using his prescribed oxygen. (ECF No. 9-2, 9-7, 9-8, PageID.46, 313, 493). The ALJ's rationale for discounting Dr. Mahoney's opinions is supported by substantial evidence and consistent with the legal standard articulated above. Accordingly, this argument is rejected.

-9-

### III.     Plaintiff's Subjective Allegations

Plaintiff next argues that he is entitled to relief because the ALJ made "improper credibility determinations." (ECF No. 16, PageID.522). Specifically, Plaintiff argues that the ALJ misinterpreted the evidence and "failed to consider the net effect of all [his] impairments." (ECF No. 16, PageID.526). Beyond these vague assertions, Plaintiff offers no analysis or argument supporting this claim. Thus, for the reasons articulated above, the undersigned finds that Plaintiff has waived this argument. Moreover, a review of the ALJ's opinion reveals that the ALJ properly assessed Plaintiff's subjective allegations.

While "pain alone, if the result of a medical impairment, may be severe enough to constitute disability," *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984), a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009).

Instead, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard. First, it must be determined whether the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms. *See* Titles II and XVI: Evaluation of Symptoms in Disability Claims, Social Security Ruling 16-3p, 2016 WL 1119029 at *3-4 (S.S.A., Mar. 16, 2016). Next, the intensity and persistence of

the claimant's symptoms are evaluated to determine the extent to which such limit his ability to perform work-related activities. *Id.* at *4-9.[2]

As is also well recognized, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Ibid.* It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. *See, e.g., Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) ("[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable").

---

[2] Social Security Ruling 16-3p rescinded Social Security Ruling 96-7p. *Id.* at *1. However, the adoption of this new Social Security Ruling did not alter the analysis for evaluating a claimant's subjective statements. Instead, as the Social Security Administration stated, it was simply "eliminating the use of the term 'credibility' [so as to] clarify that that subjective symptom evaluation is not an examination of an individual's character." *Ibid.* As courts recognize, aside from this linguistic clarification, "[t]he analysis under SSR 16-3p otherwise is identical to that performed under SSR 96-7p." *Young v. Berryhill*, 2018 WL 1914732 at *6 (W.D. Ky., Apr. 23, 2018).

At the administrative hearing, Plaintiff testified that he is unable to carry even 10 pounds or walk farther than 150 feet. (ECF No. 9-2, PageID.65-67). Plaintiff also testified that he must nap during the day and elevate his legs due to edema. (*Id.*, PageID.67-69). As the ALJ observed, however, Plaintiff's allegations are contradicted by the medical record. Plaintiff does not articulate any error in the ALJ's analysis, but rather urges the Court to re-weigh the evidence and reach a different conclusion. As already noted, this the Court cannot do. The ALJ clearly articulated his reasons for discounting Plaintiff's testimony and the ALJ's conclusions are supported by substantial evidence and consistent with the legal standard identified above. Accordingly, this argument is rejected.

**IV.    The ALJ Properly Evaluated Plaintiff's Obesity**

Plaintiff argues that the ALJ failed to properly consider his obesity when assessing his RFC and failed to comply with Social Security Ruling 02-1p, Titles II and XVI: Evaluation of Obesity, 2000 WL 628049 (S.S.R., Sept. 12, 2002).

As the Sixth Circuit has held, Social Security Ruling 02-1p "does not mandate a particular mode of analysis, but merely directs an ALJ to consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation." *Nejat v. Commissioner of Social Security*, 359 Fed. Appx. 574, 577 (6th Cir., Dec. 22, 2009); *see also*, *Bledsoe v. Barnhart*, 165 Fed. Appx. 408, 412 (6th Cir., Jan. 31, 2006) ("[i]t is a mischaracterization to suggest that Social Security Ruling 02-01p offers any particular procedural mode of analysis for obese disability claimants"). The ALJ recognized that Plaintiff is obese and analyzed the entire

-12-

record in assessing his RFC.  The record evidence, however, does not support the argument that Plaintiff's obesity, either alone or in combination with his other impairments, impairs him to an extent greater than that recognized by the ALJ. Plaintiff fails to identify any specific shortcoming in the ALJ's analysis, but instead merely urges this Court to reweigh the evidence and override the ALJ's assessment. This the Court cannot do.   Accordingly, this argument is rejected.

### V.    The ALJ Properly Relied on the Testimony of a Vocational Expert

Plaintiff argues that the ALJ's finding at Step V of the sequential evaluation process is unsupported by the evidence.   Specifically, Plaintiff argues that the ALJ "ignored" testimony from the vocational expert regarding Plaintiff's need to "carry[] around a wheeled cart of oxygen."   The Court is not persuaded.

The vocational expert, contrary to Plaintiff's assertion, did not testify that Plaintiff needed to "carry[] around a wheeled cart of oxygen."   Rather, the vocational expert, responding to a hypothetical question posed by Plaintiff's counsel, testified that *if* Plaintiff had to carry oxygen around during the workday such would likely be work preclusive.   (ECF No. 9-2, PageID.77).   The ALJ, however, found that Plaintiff was not subject to such a limitation.   In light of the medical record, including evidence that Plaintiff was observed not even using his oxygen, the ALJ's determination in this regard is supported by substantial evidence.

While the ALJ may satisfy his burden through the use of hypothetical questions posed to a vocational expert, such questions must accurately portray Plaintiff's physical and mental impairments.   *See Cline v. Comm'r of Soc. Sec.*, 96

F.3d 146, 150 (6th Cir. 1996). The hypothetical question which the ALJ posed to the vocational expert simply asked whether there existed jobs which an individual could perform consistent with Plaintiff's RFC, to which the vocational expert indicated that there existed a significant number of such jobs. In sum, the ALJ's RFC determination is supported by substantial evidence and there was nothing improper or incomplete about the hypothetical questions the ALJ posed to the vocational expert. The Court concludes, therefore, that the ALJ properly relied upon the vocational expert's testimony.

## VI. Plaintiff is Not Entitled to a Rehearing

Finally, Plaintiff argues that he is entitled to relief on constitutional grounds. Specifically, Plaintiff argues that because the Commissioner of Social Security has been unlawfully appointed, it is unlawful for him to delegate to an ALJ the task of finding facts and resolving claims for disability benefits. Plaintiff further argues that the ALJ operated pursuant to regulations promulgated by the Commissioner in violation of the Constitution. Plaintiff argues that these circumstances render the "structure" of the Social Security Administration "constitutionally invalid" and renders invalid the decision denying his claim for benefits. In rejecting this argument, one court recently explained:

> The Court first finds that Commissioner's final decision was not constitutionally defective. Recently, in *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the Supreme Court held that where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction caused his alleged harm. In *Collins*, the Court reasoned that the relevant agency officials were

> "properly appointed" pursuant to a statute that exhibited "no constitutional defect in the. . .method of appointment" and that "the unlawfulness of [a] removal provision" does not strip [an official] of the power to undertake the other responsibilities of his office[.]" The Court continued that "there is no reason to regard any of the actions taken" by the agency during this period "as void." *Id*. at 1787,1788 n. 23. In this case, Plaintiff, as in *Collins*, grounds his constitutional challenge only on the relevant removal restriction not on the propriety of the Commissioner's appointment and offers no evidence to show that there is a nexus between the unconstitutional removal restriction and the denial of his application for disability benefits. The Plaintiff simply argues that all actions taken by the Commissioner – and in turn his appointed ALJ's – are void due to the unconstitutional removal provision. However, *Collins* expressly rejects this view. *Id*. Therefore, the final decision of the ALJ is not constitutionally defective.

*Boger v. Kijakazi*, 2021 WL 5023141 at *3 (W.D.N.C. Oct. 28, 2021).

The Court finds this rationale persuasive and notes that many other courts have likewise rejected this argument.[3] Plaintiff offers neither evidence nor

---

[3] *See, e.g., Jones v. Kijakazi*, 2022 WL 1016610 at *12 (D. Del. Apr. 5, 2022); *Michelle D. v. Kijakazi*, 2022 WL 972280 at *6 (N.D. Ill. Mar. 31, 2022); *Michael H. v. Comm'r of Soc. Sec.*, 2022 WL 768658 at *15-18 (W.D.N.Y. Mar. 14, 2022); *Tucker v. Kijakazi*, 2022 WL 742744 at *2-3 (S.D. Fla. Mar. 11, 2022); *Burrell v. Kijakazi*, 2022 WL 742841 at *5 (E.D. Pa. Mar. 10, 2022); *Platt v. Comm'r of Soc. Sec.*, 2022 WL 621974 at *5-6 (S.D.N.Y. Mar. 3, 2022); *Juliana Jolean A. v. Kijakazi*, 2022 WL 595361 at *1-5 (N.D.N.Y. Feb. 28, 2022); *Jason V. v. Comm'r of Soc. Sec.*, 2022 WL 575703 at *5-7 (W.D. Wash. Feb. 25, 2022); *Colbert v. Comm'r of Soc. Sec.*, 2022 WL 556738 at *2 (N.D. Ohio Feb. 24, 2022); *Kathy R. v. Kijakazi*, 2022 WL 42916 at *3-5 (D. Me. Jan. 5, 2022), *adopted by* 2022 WL 558359 (D. Me. Feb. 24, 2022); *Kreibich v. Kijakazi*, 2022 WL 538261 at *6 (W.D. Wis. Feb. 23, 2022); *Taffe v. Kijakazi*, 2022 WL 542884 at *9-11 (S.D. Cal. Feb. 22, 2022); *Kowalski v. Kijakazi*, 2022 WL 526094 at *9-12 (M.D. Pa. Feb. 22, 2022); *Twila D.B. v. Kijakazi*, 2022 WL 425936, at *2-4 (C.D. Cal. Feb. 10, 2022); *Pepper v. Kijakazi*, 2022 WL 391577 at *2-3 (D.S.C. Feb. 9, 2022); *Rhonda W. v. Comm'r of Soc. Sec.*, 2022 WL 390802 at *6-8 (S.D. Ohio Feb. 9, 2022); *Vickery v. Comm'r of Soc. Sec.*, 2022 WL 252464 (M.D. Fla. Jan. 27, 2022); *Carla D. v. Kijakazi*, 2022 WL 264460 at *1-3 (E.D. Wash. Jan. 27, 2022); *Ramos v. Comm'r of Soc. Sec.*, 2022 WL 105108 at *2-4 (E.D. Cal. Jan. 11, 2022); *Nudelman v. Comm'r of Soc. Sec.*, 2022 WL 101213 at *10-13 (D. Ariz. Jan 11, 2022); *Mor v.*

argument that there exists a nexus between the allegedly unconstitutional removal restriction and the denial of his application for benefits. Accordingly, this argument is rejected.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: June 13, 2022  /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

---

*Kijakazi*, 2022 WL 73510 at *3-5 (D.N.J. Jan. 7, 2022); *Hutchens v. Kijakazi*, 2021 WL 5834409 at *6-14 (M.D.N.C. Dec. 9, 2021), *adopted by* ECF No. 24 (M.D.N.C. Jan. 5, 2022); *Olimpiada v. Kijakazi*, 2022 WL 19678 at *4-5 (D. Nev. Jan. 3, 2022); *Benavidez v. Kijakazi,* 2021 WL 6062715 at *4 (D.N.M. Dec. 22, 2021); *Wybo v. Kijakazi,* 2021 WL 6052423 at *4 (W.D. Ky. Dec. 21, 2022); *Nathaniel H. v. Kijakazi*, 2021 WL 5921377 at *4-6 (D. Or. Dec. 15, 2021); *Clark v. Kijakazi*, 2021 WL 5905942 at *3-4 (E.D. Wis. Dec. 14, 2021); *Alice T. v. Kijakazi*, 2021 WL 5302141 at *18-19 (D. Neb. Nov. 15, 2021); *Robinson v. Kijakazi,* 2021 WL 4998397 at *3 (W.D.N.C. Oct. 27, 2021).